IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES R. ZAZZALI,

Plaintiff,

v.

ALEXANDER PARTNERS, LLC, et al.,

Defendants.

Civil Action No. 12-828-GMS

**MEMORANDUM**

## I. INTRODUCTION

On June 27, 2012, the plaintiff, James R. Zazzali ("Zazzali"), Trustee of the Diversified Business Services & Investments, Inc. ("DBSI") Private Actions Trust (the "PAT"), filed this suit against over 200 named defendants and 500 "John Doe" defendants. (D.I. 1.) The 245-paragraph Complaint alleges (1) violations of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5, (2) violations of § 20(a) of the Exchange Act, (3) breaches of contract, (4) common law fraud, (5) negligence, and (6) breaches of fiduciary duties. (*Id.*)

Several defendants have filed motions to dismiss for lack of personal jurisdiction and/or improper venue under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.[1]

[1] The following defendants have filed motions to dismiss for lack of personal jurisdiction and/or improper venue: Jason Bressler (D.I. 233); Dean McDermott (D.I. 235); Keith Witter (D.I. 237); Kasey Hafenbrack (D.I. 238); Jeffrey Augspurger, Gary Barton, Ron Barton, Tod Billings, Trent Bryerly, Scott Cavey, Allan Crumes, Ron Davies, Tim Duma, Mike Eden, David Kowalski, Robert Kuh, Chris Miller, Michael Myers, Dwain Owens, Mark Pearson, Royce Ruth and Cory Thomas (D.I. 261); Richard Allen Frueh and Donald James Gunn, Jr. (D.I. 265); Owen Fisher (D.I. 278); and Philip Atwan, Stacey Jim Morimoto, John Paul Spring, and Christian Spring (D.I. 287). Zazzali voluntarily dismissed his claims against Gary Barton, John Paul Spring, and Christian Spring on January 25,

Zazzali consolidated his response to these motions in a single answering brief.[2] (D.I. 313.) For the reasons that follow, the court will deny the motions with respect to the arguments made pursuant to Rules 12(b)(2) and 12(b)(3). The court will also deny as moot what it views as a motion by defendants Daniel Berckes, Sue Desrosier, and Syd Widga to join in the 12(b)(2) and 12(b)(3) motions of various Moving Defendants. (D.I. 384.)

## II. BACKGROUND[3]

This action stems, in part, from the November 2008 bankruptcy filing of ninety-three Diversified Business Services & Investments, Inc. ("DBSI") entities. (D.I. 1 at ¶ 9.) On September 11, 2009, the bankruptcy court approved the appointment of Zazzali as the Chapter 11 Trustee for the DBSI entities. (*Id.* at ¶ 10.) On October 26, 2010, the bankruptcy court issued its Findings of Fact, Conclusions of Law and Order Confirming Second Amended Joint Chapter 11 Plan of Liquidation. (*Id.* at ¶ 12.) Zazzali serves as trustee for two of the four trusts—the PAT and the Estate Litigation Trust—that were formed pursuant to this confirmation order. (*Id.* at ¶ 13.)

The Second Amended Joint Chapter 11 Plan of Liquidation created the PAT to hold certain causes of actions assigned by creditors and equity holders of DBSI. (*Id.* at ¶ 14.) One category of claims held by the PAT are claims against "securities brokers/dealers" that provided

2013. (D.I. 310; D.I. 311; D.I. 312.) With the exception of these three parties, the court refers to the above defendants collectively as the "Moving Defendants."

Some of the motions also seek dismissal under Rule 12(b)(6) and/or request that the court compel arbitration. Those arguments are not addressed by this Memorandum.

[2] After Zazzali filed his consolidated answering brief, defendants Cannen Ferrell and Mike McKinzie also filed a motion to dismiss. (D.I. 379.) The relevant parties have stipulated to an extension of the briefing schedule for that motion, (D.I. 404), and, because it is not yet fully briefed, it will not be considered herein.

[3] The court repeats the "Background" facts previously set forth in its memorandum opinion of this same date addressing various motions to dismiss pursuant to Rule 12(b)(6).

services to DBSI. (*Id.* at ¶ 14 n.5.) In general terms, Zazzali claims that certain members of the PAT acquired securities in the DBSI entities from one or more of the defendants named in this action. He alleges that the defendants were securities brokers, the registered representatives of brokers, or control persons of brokers that facilitated the sale of DBSI securities in what eventually turned out to be a classic "Ponzi scheme." (*Id.* at ¶ 2, 21.)

## III. STANDARD OF REVIEW

### A. Rule 12(b)(2)

Rule 12(b)(2) requires that the court dismiss a case when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Determining personal jurisdiction involves a two-part analysis. First, the court applies the long-arm statute of the state in which it is located. *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). The court then must ask whether exercising jurisdiction over the defendant in this state comports with the dictates of due process. *See id.* That requirement is met when the court detects sufficient "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *see also Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368–69 (3d Cir. 2002).

In resolving a motion under Rule 12(b)(2), the court must accept as true the allegations in the complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982). The plaintiff, however, bears the burden of alleging facts sufficient to make a *prima facie* showing of personal jurisdiction over the movant. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, the plaintiff

must offer facts which "establish with reasonable particularity" that jurisdiction exists. *Id.*

B. Rule 12(b)(3)

Rule 12(b)(3) permits a defendant to move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). In deciding a motion brought under this rule, the court accepts as true all allegations in the complaint unless those allegations are contradicted by affidavits from the defendant. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). The movant bears the burden of demonstrating that venue is improper. *See id.* at 160; *Am. High-Income Trust v. AlliedSignal Inc.*, No. 00-690-GMS, 2002 WL 373473, at *2 (D. Del. Mar. 7, 2002).

## IV. DISCUSSION

A. Rule 12(b)(2)

Zazzali pleads personal jurisdiction under § 27 of the Securities Exchange Act of 1934, which provides:

> The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Securities Exchange Act of 1934, Pub. L. No. 73-291, § 27, 48 Stat. 881, 902–03 (codified as amended at 15 U.S.C. § 78aa). This statute allows for nationwide service of process, and "[t]hus, 'so long as the defendant has minimum contacts with the United States . . . the Exchange Act

confers personal jurisdiction over the defendant in any federal court.'" *FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 445 (D. Del. 1999) (quoting *Secs. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1313 (9th Cir. 1985)). As Judge Schwartz previously explained:

> The due process requirement of *International Shoe v. Washington* . . . that a defendant have "minimum contacts" with a particular district or state for purposes of personal jurisdiction is not a limitation imposed on the federal courts under Section 27 in a federal question case. Due process concerns under the Fifth Amendment are satisfied if a federal statute provides for nationwide service of process in federal court for federal question cases.

*Id.* Here, it appears that all of the Moving Defendants that have raised jurisdictional challenges are residents of and thus have sufficient minimum contacts with the United States. (D.I. 1 at Ex. C, E.) As such, Zazzali has met his burden of alleging facts to "establish with reasonable particularity" that jurisdiction exists.

B. Rule 12(b)(3)

Zazzali argues that venue is proper under both 15 U.S.C. § 78aa, and 28 U.S.C. § 1391. The court addresses each argument below.

1. 15 U.S.C. § 78aa

The court cannot find that proper venue exists under 15 U.S.C. § 78aa. That section provides for venue in any district "(1) in which any act or transaction constituting the violation occurred, or in which the defendant (2) is found, (3) is an inhabitant or (4) transacts business." *Jacobs v. Hanson*, 464 F. Supp. 777, 782 (D. Del. 1979); *see also* 15 U.S.C. § 78aa. First, venue plainly does not exist under the second and third bases set forth in § 78aa. As Exhibits C and E to the Complaint acknowledge, none of the Moving Defendants are located in or domiciled in

Delaware and thus are neither "found" in nor "inhabitant[s]" of this district. (D.I. 1, Ex. C, E.) The fourth basis, which lays venue in the district in which a defendant "transacts business," is also inapplicable. "In order for a defendant to be 'transacting business' in a given district, its activities (therein) must constitute a substantial part of its ordinary business and must be continuous and of some duration." *Birdman v. Electro-Catheter Corp.*, 352 F. Supp. 1271, 1273 (E.D. Pa. 1973) (citing *United Indus. Corp. v. Nuclear Corp. of Am.*, 237 F. Supp. 971 (D. Del. 1964)). Zazzali neither alleges in his Complaint nor argues in his responsive brief that any of the Moving Defendants conduct their ordinary business in Delaware. (D.I. 1; D.I. 313.)

Finally, the court cannot find that any part of the Moving Defendants' alleged "violations" occurred in this district. Zazzali's answering brief focuses on the conduct of three of the Moving Defendants, Dean McDermott (D.I. 235) and Philip Atwan and Stacy Jim Morimoto (D.I. 287), claiming that each supervised the sale of interests in at least one Delaware entity to Delaware special purpose entities ("SPEs") created specifically to facilitate the purchase of DBSI securities on behalf of PAT investors. (D.I. 313 at 11.) In Zazzali's view, these alleged activities "form the required nexus to the forum to authorize venue in Delaware." (*Id.* at 13.) However, while these defendants allegedly supervised the sale of securities in Delaware entities to other Delaware entities, it does not necessarily follow that those sales or any other act that may have constituted a violation occurred *in* Delaware.

Additionally, though Zazzali did not so elaborate on his § 78aa argument, the court has also considered whether the very creation of the Delaware DBSI investment entities or the Delaware SPEs might represent "more than an immaterial part of the allegedly illegal events." *Southmark Prime Plus, L.P. v. Falzone,* 768 F. Supp. 487, 488 (D. Del. 1991). The *Southmark*

*Prime* court determined that, where a Delaware corporation was used to "mask" the defendants' alleged violations, "[t]he act of incorporating . . . in Delaware, while not illegal, was certainly a material and integral part of the defendants' alleged illegal scheme" and thus constituted an "act" in the district sufficient to establish venue under § 78aa. *See id.* at 488–89. Here, one might contend that the creation of both the DBSI investment entities and the SPEs represented material parts of the broader alleged fraudulent investment scheme. It appears from the Complaint, however, that these entities were created by DBSI or the investors themselves, rather than McDermott or the other Broker Defendants. (D.I. 1 at ¶¶ 26–32.) While prior decisions from this district have recognized that "[o]nce venue has been established under § 78aa vis-a-vis one defendant, venue is proper with respect to the defendant's co-conspirators," neither DBSI nor the investors can be properly characterized as "defendants" or "conspirators" here. As such, the court is unable to find that § 78aa lays venue in Delaware.

2. 28 U.S.C. § 1391(b)

The court, however, finds that venue is proper under 28 U.S.C. § 1391(b). This general venue provision allows a plaintiff to bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Zazzali suggests that Delaware represents an appropriate venue under § 1391(b), again arguing broadly that sales of interest in Delaware entities to Delaware SPEs

"form the required nexus" to this forum. (D.I. 313 at 13.) Unlike in the § 78aa context, however, there is no requirement under § 1391(b) that the activity in Delaware actually be part of the alleged "violation." Section 1391(b)(2) requires only that a substantial part of the events giving rise to the claim occur in Delaware.

Here, Zazzali alleges that the Delaware SPEs were formed explicitly for the purpose of carrying out the security sales in relation to which the defendants are alleged to have made misrepresentations. (D.I. 1 at ¶¶ 27–28.) Viewing the facts in the light most favorable to Zazzali, the court believes the creation of these entities—which plainly occurred in this forum—represented a substantial part of the series of events leading to the claimed misrepresentations. Moreover, the court has found no authority requiring that the necessary "substantial part of the events" be the movant's own conduct. While it was apparently DBSI and the investors (not the movants) that formed the Delaware SPEs, the plain language of § 1391(b)(2) speaks only of where the "substantial part" occurred—it says nothing about the cause. Some courts have suggested the venue inquiry generally should focus on the defendant's conduct rather than that of the plaintiff, and the court does not necessarily disagree with that proposition. However, in circumstances such as this, where the conduct of the investors is so closely intertwined with the conduct of the defendants, the court finds it appropriate to employ a more "holistic" approach. *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) ("[W]e look not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim. In addition, we do not focus on the actions of one party. Rather, our approach takes a holistic view of the acts underlying a claim." (internal quotations omitted)).

## V. CONCLUSION

For the above reasons, the court will deny the Moving Defendants' motions to dismiss the Complaint pursuant to Rules 12(b)(2) and/or 12(b)(3).[4] The court will also deny as moot the motion by defendants Daniel Berckes, Sue Desrosier, and Syd Widga to join in the 12(b)(2) and 12(b)(3) motions of various Moving Defendants. (D.I. 384.)

Dated: September 25, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

[4] The Rule 12(b)(3) arguments of Dean McDermott, Philip Atwan, and Stacy Jim Morimoto are rejected given the court's conclusion that the creation of Delaware SPEs to facilitate their complained-of transactions established proper venue under 28 U.S.C. § 1391(b)(2). As for the remaining Moving Defendants, the court notes once again that the movants bear the burden of demonstrating that venue is improper. However, the remaining Moving Defendants make only vague assertions of improper venue. (D.I. 233; D.I. 237; D.I. 238.) The court finds that these defendants have simply failed to meet their burden—which perhaps explains why Zazzali's answering brief focused on McDermott, Atwan, and Morimoto—and rejects their 12(b)(3) arguments on that basis.

The court, however, recognizes that, while many of the challenged DBSI transactions were made through SPEs formed in Delaware, not all of the sales took this form. (D.I. 1 at ¶¶ 27–29.) As such, to the extent that the remaining Moving Defendants believe the DBSI sales with which they were allegedly associated did not involve a Delaware SPE, the court will grant them leave to re-file a proper motion to dismiss under Rule 12(b)(3).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES R. ZAZZALI,

Plaintiff,

v.

ALEXANDER PARTNERS, LLC, et al.,

Defendants.

Civil Action No. 12-828-GMS

**ORDER**

At Wilmington this 25th day of September 2013, consistent with the memorandum opinions issued this same date, (D.I. 420; D.I. 421), IT IS HEREBY ORDERED THAT:

(1) The Motion to Dismiss filed by Jason Bressler (D.I. 233) is GRANTED-IN-PART AND DENIED-IN-PART;

(2) The Motion to Dismiss filed by Dean McDermott (D.I. 235) is GRANTED-IN-PART AND DENIED-IN-PART;

(3) The Motion to Dismiss filed by Keith Witter (D.I. 237) is GRANTED-IN-PART AND DENIED-IN-PART;[1]

(4) The Motion to Dismiss filed by Kasey Hafenbrack (D.I. 238) is GRANTED-IN-PART AND DENIED-IN-PART;[2]

---

[1] Keith Witter's requests for dismissal pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure are addressed in the court's opinions of this same date. The request to dismiss for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5) is denied, as Witter's claim that "he has not been served with process" (D.I. 237 at 4) is belied by the fact that he returned a waiver of service form, (D.I. 72).

[2] Kasey Hafenbrack's requests for dismissal pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) are addressed in the court's memorandum opinions of this same date. The request to dismiss for insufficient process

(5) The Motion to Dismiss filed by Mindy Ann Horowitz, Victor Kevin Kurylak, and Celeste Marie Leonard (the "First Montauk Owner/Officer Defendants") (D.I. 244) is GRANTED;[3]

(6) The Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss filed by Daniel Berckes, Sue Desrosier, and Syd Widga (D.I. 249) is GRANTED-IN-PART;[4]

(7) The Motion to Dismiss filed by Richard Steven Babjak, Robert Alan Walter, Robert Daniel Yarosz, and World Equity Group (D.I. 252) is GRANTED-IN-PART;

(8) The Motion to Dismiss filed by Chester Ju, Shirley Ju, Anne Hayward, Alan Schryer, Lori Gilson, Kenneth Bolton, and Scott Thomas (D.I. 259) is GRANTED-IN-PART;

(9) The Motion to Dismiss filed by Jeffrey Augspurger, Gary Barton, Ron Barton, Tod Billings, Trent Bryerly, Scott Cavey, Allan Crumes, Ron Davies, Tim Duma, Mike Eden, David Kowalski, Robert Kuh, Chris Miller, Michael Myers, Dwain Owens, Mark Pearson, Royce Ruth and Cory Thomas (D.I. 261) is DENIED;

(10) The Motion to Dismiss filed by Jeffrey Augspurger, Gary Barton, Ron Barton, Tod Billings, Trent Bryerly, Scott Cavey, Allan Crumes, Ron Davies, Tim Duma, Mike Eden, David Kowalski, Robert Kuh, Chris Miller, Michael Myers, Dwain Owens, Mark Pearson, Royce Ruth and Cory Thomas (D.I. 264) is GRANTED-IN-PART;

---

and insufficient service of process under Rules 12(b)(4) and 12(b)(5) is denied, as Hafenbrack's claim that "he has not been served with process" (D.I. 238 at 4) is belied by the fact that he returned a waiver of service form, (D.I. 36).

[3] This motion seeks to dismiss only those the claims brought against the First Montauk Owner/Officer Defendants under § 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as the First Montauk Owner/Officer Defendants did not understand the Complaint to address any of its other claims to them. (D.I. 246 at 1–2.) As noted in its memorandum on the Rule 12(b)(6) motions, the court does not believe this to be the correct understanding of the Complaint. Zazzali has been ordered to clarify the Complaint's use of the term "Broker Defendants," and that clarification should address this point of confusion. For now, the court grants the First Montauk Owner/Officer Defendants' motion to dismiss the § 20(a) claims against them.

[4] Daniel Berckes, Sue Desrosier, and Syd Widga seek to compel arbitration or, alternatively, dismissal pursuant to Rule 12(b)(6). The court addresses only the request for dismissal via this order.

(11) The Motion to Dismiss filed by Richard Allen Frueh and Donald James Gunn, Jr. (D.I. 265) is GRANTED-IN-PART AND DENIED-IN-PART;

(12) The Motion to Dismiss filed by Owen Fisher (D.I. 278) is GRANTED-IN-PART AND DENIED-IN-PART;

(13) The Motion to Dismiss filed by Philip Atwan, Stacey Jim Morimoto, John Paul Spring, and Christian Spring (D.I. 287) is GRANTED-IN-PART AND DENIED-IN-PART;

(14) The Motion to Dismiss filed by Bruce Ransom (D.I. 371) is GRANTED-IN-PART;

(15) The Motion to Join in certain other motions to dismiss for improper venue and lack of personal jurisdiction filed by Daniel Berckes, Sue Desrosier, and Syd Widga (D.I. 384) is DENIED AS MOOT;

(16) Those defendants who filed motions to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and had their motions denied with respect to their Rule 12(b)(3) arguments are given leave to re-file appropriate motions to dismiss for improper venue, as set forth in the court's memorandum opinion. (D.I. 421 at 9 n.4.)

(17) The Complaint is DISMISSED as follows:

a. The claims under § 10(b) of the Exchange Act and 17 C.F.R. § 240.10b-5 (D.I. 1 at ¶¶ 205–14) are DISMISSED with respect to all but the alleged misrepresentations discussed in Paragraph 56 of the Complaint that were made on or after June 27, 2007;

b. The claims under § 20(a) of the Exchange Act (D.I. 1 at ¶¶ 215–19) are DISMISSED;

c. The claims for breach of contract (D.I. 1 at ¶¶ 220–26) are DISMISSED; and

d. The claims for common law fraud (D.I. 1 at ¶¶ 227–31) are DISMISSED with respect to all but the alleged misrepresentations discussed in Paragraph 56 of the Complaint; and

(18) As discussed throughout the court's memorandum addressing the various motions to dismiss under Rule 12(b)(6), Zazzali shall file a motion for leave to amend in order to:

a. Clarify the Complaint's allegations that all of the defendants made the statements discussed in Paragraph 56;

b. Clarify whether a "statement that each broker Defendant acknowledged its membership in the Financial Industry Regulatory Authority . . . and SIPC and its attendant obligation to comply with all federal and state laws, rules, and regulations" actually appeared in the Subscription Agreements;

c. Clarify generally the use of the term "Broker Defendants" so as to address the confusion regarding which claims have been brought against which defendants; and

d. Optionally, to correct the Complaint's pleading deficiencies with respect to any of the claims dismissed by this order.

CHIEF, UNITED STATES DISTRICT JUDGE